IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAMES MICHAEL PARKER, | Cause No. CV 24-106-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OR MONTANA, | |
| Respondents. | |

On December 6, 2024, state pro se prisoner James Michael Parker ("Parker")

filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

(Doc. 1 at 25.)[1]  The Court is required to screen all actions brought by prisoners

who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or

portion thereof if the prisoner raises claims that are legally frivolous or fails to

state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The

Court must dismiss a habeas petition "[i]f it plainly appears from the petition and

any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing

Section 2254 Cases.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

As explained below, because Parker's petition is unexhausted, it will be dismissed without prejudice.

## I.      Motion to Proceed in Forma Pauperis

Parker seeks leave of the Court to proceed in forma pauperis.  (Doc. 2.)  A review of his inmate institutional account statement reveals he may not be able to afford the costs associated with this action.  The motion will be granted.

## II.      Exhaustion

Following a jury trial in Montana's Eighth Judicial District, Cascade County, Parker was convicted of Deliberate Homicide, Assault with a Weapon, and Tampering with Witnesses.  (Doc. 1 at 2-3.)  Parker received a net 55-year prison sentence.  (*Id.* at 3.)  Written judgment was entered on November 29, 2021. (*Id.* at 2.)

Parker timely filed a direct appeal.  There he argued the trial court improperly rejected a proposed accomplice jury instruction and that purported prosecutorial misconduct required a new trial.  On February 6, 2024, the Montana Supreme Court affirmed the convictions and sentence.  *See State v. Parker*, 2024 MT 21N, 543 P. 3d 566.

Parker indicates that on August 29, 2024, he filed a postconviction petition in the state district court. (Doc. 1 at 3.)  The Court has independently reviewed the

docket sheet for *Parker v. State*, Cause No. DV 24-0435.[2]  *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system if those proceedings have a direct relation to the matters at issue).  Parker does, in fact, have an active postconviction petition pending.  It appears that on November 13, 2024, District Court Judge Elizabeth Best entered a stay in the postconviction proceedings and ordered that counsel be appointed to represent Parker.

In his federal petition, Parker raises various ineffective assistance claims against counsel and alleges cumulative error occurred.  (Doc. 1 at 4-5, 9-23.)  Parker acknowledges that these same claims are the subject of his pending state postconviction petition.  (*Id.*)  He asks that his charges be dismissed because of major due process violations by the State and ineffective assistance provided by both trial and appellate counsel.  (*Id.* at 7.)  The claims contained in Parker's § 2254 petition are unexhausted.  Parker acknowledges that he is attempting to exhaust these same claims in his pending postconviction petition.

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a

---

[2] For purposes of clarity, a copy of this docket sheet will be attached to this Order.

state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims Parker attempts to advance. Parker must present these same claims to the state courts,

including the Montana Supreme Court, in a procedurally appropriate manner and

give them one full opportunity to review his federal constitutional claims.

*O'Sullivan*, 526 U.S. at 845.  Because Parker has not yet completely exhausted his

available state court remedies, this Court cannot review the claims. *See Rose v.*

*Lundy*, 455 U.S. 509 (1982).  Dismissal will be **without prejudice**, allowing

Parker to return to this Court if and when he fully exhausts the claims relative to

his current custody.

To the extent that Parker is concerned with his federal limitations period, he

still has adequate time remaining.  As set forth above, the Montana Supreme Court

affirmed Parker's convictions on February 6, 2024.  Although he does not indicate

that he filed a petition for writ of certiorari with the United States Supreme Court,

he had ninety days, or until May 7, 2024, to do so.  *See* Sup. Ct. R. 13; *see also* 28

U.S.C. § 2244(d)(1)(A) (noting that the limitations period begins to run on the date

which the underlying judgment becomes final through the conclusion of direct

review of the expiration of time for seeking such review); *Bowen v. Roe*, 188 F. 3d

1157, 1158-59 (9th Cir. 1999).  Thus, the one-year statute of limitations began to

run the next day, on May 8, 2024.  But Parker's filing of the state postconviction

petition has tolled the limitations period.  28 U.S.C. § 2244(d)(2)(expressly

providing for statutory tolling of the limitations period when a "properly filed

application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending.")  The federal timeclock will begin to run

again upon conclusion of the postconviction proceedings.

### III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings.  A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)).  Where a claim is dismissed on procedural grounds, the court must also

decide whether "jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648

(2012) (quoting *Slack*, 529 U.S. at 484).

Parker has not yet made a substantial showing that he was deprived of a

federal constitutional right.  Further, because his petition is unexhausted,

reasonable jurists would find no basis to encourage further proceedings.  There are

no close questions and there is no reason to encourage further proceedings in this

Court.  A certificate of appealability will be denied.

6

Based on the foregoing, the Court enters the following:

**ORDER**

1. Parker's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

2. The Clerk of Court is directed to attach a copy of the docket referenced herein, *Parker v. State*, Cause No. DV 24-0435, to this Order.

3. Parker's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.

4. The Clerk of Court is directed to enter a judgment of dismissal.

5. A certificate of appealability is DENIED.

DATED this \_\_16\_\_ day of December, 2024.

Donald W. Molloy
United States District Court Judge

7